## Palethorp's Estate. Stewart's Appeal.

*Wills—Charitable gifts—Witnesses—Act of June 7, 1911, P. L. 702—Construction.*

Since the passage of the Act of June 7, 1911, P. L. 702, amending the Act of April 26, 1855, Sec. 11, P. L. 328-332, relating to the execution and attestation of wills containing bequests to religious and charitable uses, the fact that one of the two witnesses to a will containing bequests to charitable uses was interested in certain of the charities does not render void the bequests to charities in which the witness was not interested.

Argued March 29, 1915. Appeal, No. 97, Jan. T., 1915, by Virginia Hay Stewart, Southard Hay, Fanny Hay

Hall, Lucy L. Hay, Edith Hay Moore, Margaret Hay Dewhurst, Horace Kessler Subers, A. Theodora Subers, Abbie Hay Subers, Helen B. Subers, Mildred Subers, C. Van Artsdalen Subers, R. Brenda Subers, William H. Hay and Albert E. Hay, next of kin, from decree of O. C. Philadelphia Co., July T., 1914, No. 287, dismissing exceptions to adjudication in Estate of Henry B. Palethorp, deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Appeal dismissed.

Exceptions to adjudication. Before DALLETT, P. J.

The facts appear in Palethorp's Est., Provident Life & Trust Company's App., 249 Pa. 389, and in the opinion of the Supreme Court.

The court dismissed the exceptions. Virginia Hay Stewart, et al., next of kin, appealed.

*Error assigned* was in dismissing the exceptions.

*Thos. Raeburn White,* with him *Robt. J. Sterrett,* and *Tustin & Wesley,* for appellants.—Under the law as it existed prior to the Act of June 7, 1911, P. L. 702, the charitable gifts all fall if the will was not witnessed by two witnesses not interested in any of the legacies given by the will: Kessler's Est., 221 Pa. 314, 332.

It was not material that the witness was not interested in any charitable gift but merely as a pecuniary legatee: Shoemaker's Est., 235 Pa. 402; Leech's Est., 236 Pa. 57.

The Act of 1911 applies to a witness interested in some bequest, not charitable, and renders him a competent witness; but where a witness is interested in one of the charitable gifts, the Act of 1911 does not apply to him; he is therefore disqualified under the Act of 1855 and all the charitable gifts fall.

*John G. Johnson,* with him *J. B. Townsend, Jr.,* for the Provident Life & Trust Company of Philadelphia, executor and trustee, appellee.—Even if the charitable

bequests in which Mr. Cadbury was interested are void, the other bequests to charities in which he was not interested are, under the Act of June 7, 1911, P. L. 702, valid: Kelly's Est., 21 Pa. D. R. 81; Shoemaker's Est., 235 Pa. 402.

*Ephraim Lederer*, for the Jewish Hospital Association of Philadelphia, with him *Francis E. Brewster*, for the Board of Directors of City Trusts for Wills Eye Hospital, appellee.

*Charles H. Mathews*, with him *T. Elliott Patterson*, for the Trustees of the General Assembly of the Presbyterian Church, in the United States of America, appellees.

OPINION BY MR. JUSTICE ELKIN, May 10, 1915:

By the assignments in this case it is complained that the learned auditing judge erred in holding that any of the gifts to religious and charitable uses were valid under the will of testator, and in not awarding the entire estate to the next of kin, after providing for payment of debts and funeral expenses, and for the erection of a tomb and the retention of a sum sufficient to care for the Palethorp cemetery lot. The learned court below sustained as valid all those legacies bequeathed to religious and charitable uses given to institutions, assemblies and corporate bodies in which the attesting witness had no interest as a stockholder or otherwise. These gifts were sustained upon the statutory authority of the Act of 7 June, 1911, P. L. 702. This act was evidently passed to modify the requirements of the Act of April 26, 1855, P. L. 328, in so far as that statute made it necessary to have the execution of the will attested by two credible witnesses who had no interest in any part of it. In Kessler's Est., 221 Pa. 314, it was held that if the attesting witness be interested as legatee or devisee under the will, or is to derive a pecuniary benefit or ad-

vantage from any part of it, or if interested at the time of attestation in a religious or charitable institution named as a beneficiary, he is not disinterested within the meaning of the statute. Under the authority of this case, and those which followed and broadened its scope, all gifts to charitable uses were held invalid if the subscribing witness had such an interest under any of the provisions of the will as to disqualify him from attesting the execution of the entire testamentary writing. All gifts to charities fell if the subscribing witness was disqualified from attesting the execution of the will. Evidently the legislature intended to modify the operation of the rule so that only those gifts to charitable uses in which the attesting witness had an interest should be declared invalid, and for this purpose the Act of 1911 was passed. This act was an amendment to section eleven of the Act of 1855, to which it added the following words:

"A disinterested witness being a witness not interested in such religious or charitable use, this act not being intended to apply to a witness interested in some other devise, bequest, or gift in the same instrument."

It would be difficult to conceive of a clearer and more direct expression of legislative intention. Hereafter the interest which disqualifies an attesting witness to a will in cases of this character, is an interest in the religious or charitable use. An interest in a devise, or bequest, or gift in the same instrument, does not disqualify an attesting witness because the legislature has so declared, and it is a subject clearly within the domain of legislative power. This means that when the execution of a will has been attested by two credible witnesses, all devises, bequests and gifts, except those in which the attesting witness has an interest, are to be held valid under the Act of 1911. Of course what has been said applies only to the question of attestation and what constitutes a "disinterested witness" under the statutes. Cadbury had no interest in any of the bequests sustained by the court below and hence they were upheld. He had an in-

terest in the bequests to charitable uses which were held to be invalid. Upon this question we adopt what has been so well said by the auditing judge and by the court in banc. These opinions cover the whole ground and the reasons given to sustain the conclusions reached are clear and convincing.

Appeal dismissed. Costs to be paid out of the estate.